

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 15 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TERRELL B. CARSON**                                                                                    **PLAINTIFF**

V.                                                     CIVIL ACTION NO. 2:16cv88-KS-MTP

**HATTIESBURG PUBLIC SCHOOL DISTRICT**                                     **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** Plaintiff Terrell B. Carson and files this action for relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* ("FLSA") for unpaid overtime compensation, liquidated damages, costs, attorney's fees, declaratory relief, and any such other relief as this Court may deem appropriate. In support hereof, the Plaintiff offers the following:

### PARTIES

1. The Plaintiff, Terrell B. Carson, is an adult resident citizen of Forrest County, Mississippi, residing at 705 Maxwell Drive, Hattiesburg, Mississippi. Until retiring in December 2015, the Plaintiff was an employee of the Defendant within the meaning of 29 U.S.C. §203(e).

2. The Defendant, Hattiesburg Public School District, is a political subdivision of the State of Mississippi, engaging in commerce and operating at 301 Mamie Street, Hattiesburg, Mississippi. Until the Plaintiff's retirement in December 2015, the Defendant was an employer within the meaning of 29 U.S.C. §203(d).

### JURISDICTION AND VENUE

3. Jurisdiction over this action is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

4. Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

5. This matter is brought in the proper venue pursuant to 28 U.S.C. §1391(b).

## STATEMENT OF THE FACTS

6. Until his retirement in 2015, the Plaintiff was an employee of the Hattiesburg Public School District and is entitled to certain overtime compensation that he was not paid despite inquiry and demand.

7. Prior to the Plaintiff's retirement and over the course of the last three years, the Defendant willfully violated the FLSA by intentionally failing and refusing to pay Plaintiff all compensation due him under the FLSA and its implementing regulations.

8. The Plaintiff was employed as a school resource officer with powers of a law enforcement officer, and was not employed in a management position that may have made him an exempt employee under the FLSA.

9. The Plaintiff worked from 7:00 a.m. until 4:00 p.m. on Monday through Friday with no relieved-from-duty meal time ("School Hours"), meaning that he worked 45 hours per week or 180 hours per four-week period of time.

10. The Plaintiff was not only assigned to patrol school campuses in the Hattiesburg Public School District during the aforementioned School Hours, but also worked for the Defendant as a patrol officer during "special details," such as school sporting events. All such duties involved or resulted in the Plaintiff working more than forty (40) hours per week and more than one hundred seventy one (171) hours per 28 day period, all without receiving full compensation under the FLSA and its implementing regulations.

11. Pursuant to the FLSA and absent Defendant's establishment of a Section 7(k) work period for law enforcement officers, the Defendant violated FLSA overtime requirements by failing to provide compensation to the Plaintiff for employment in excess of forty (40) hours per week at a rate not less than one and one half times the Plaintiff's regular hourly rate.

12.     If by comparison the Defendant has an established a Section 7(k) work period for law enforcement officers, the Defendant nonetheless owes the Plaintiff overtime pay at a rate not less than one and one half times the Plaintiff's regular hourly rate for hours worked in excess of one hundred seventy one (171) hours per 28 day work period under federal implementing regulations.

13.     The Defendant recorded the Plaintiff's hours of work, but nevertheless failed to pay the Plaintiff for overtime hours worked. Moreover, the Plaintiff broached the subject of unpaid overtime compensation with the Defendant, in response to which representatives of the Defendant told the Plaintiff that the Defendant would "look into it" or words to that effect. These and other circumstances show that the Defendant was on notice of its violations, despite which the Defendant never responded to the Plaintiff's complaints while continuing to act in willful violation of the FLSA.

14.     All of the foregoing conduct of the Defendant shows the Defendant's lack of reasonableness and/or its willful violation of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that this court:

A.     Enter a declaratory judgment declaring that the Defendant willfully and intentionally violated its statutory obligations under the FLSA and deprived the Plaintiff of his entitled compensation under the FLSA, or at the very least committed such violations with lack of reasonableness;

C. Award the Plaintiff monetary damages in the form of unpaid overtime compensation and liquidated damages equal to said unpaid compensation, plus pre-judgment and post-judgment interest;

D. Award the Plaintiff his reasonable attorney's fees, costs and expenses, to be paid by the Defendant; and

E. grant such other damages and relief as may be proper and appropriate.

Respectfully submitted on this the 15th day of June, 2016.

TERRELL B. CARSON
Plaintiff

By: /s/ Brian A. Montague
BRIAN A. MONTAGUE
MS BAR NO 3407
ATTORNEY FOR PLAINTIFF

Law Offices of Brian A. Montague, PLLC
25 Town Center Square
Hattiesburg, MS 39402
Telephone: 601-450-1111
Email: brian.m@montaguelawyer.com